**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RUBEN GUERRERO** | § | |
| | § | |
| **V.** | § | **A-21-CV-938-LY** |
| | § | |
| **BOBBY LUMPKIN** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner Ruben Guerrero's Petition for Writ of Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent Bobby Lumpkin's Answer (Document 11). Petitioner did not file a response thereto. Petitioner, proceeding pro se, was granted leave to proceed *in forma pauperis*. For the reasons set forth below, the undersigned finds that Petitioner's petition for writ of habeas corpus should be denied in part and dismissed in part.

**STATEMENT OF THE CASE**

A.    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause number D-1-DC-09-300784 for assault family violence for which Petitioner was sentenced to 65 years confinement.

Petitioner does not challenge his holding conviction. Rather, he challenges a July 1, 2020 vote of the Texas Board of Pardons and Paroles (the "Board"). The Board voted FI-5 during

Petitioner's parole review.  Pursuant to this FI-5 vote, Petitioner was to be transferred to an In-Prison Therapeutic Community ("IPTC") program and possibly released to an aftercare component upon completion of the program.  On August 24, 2020, the Board withdrew the vote because Petitioner refused to participate.

On March 9, 2021, Petitioner filed a state application for habeas corpus relief.  He claims his due process rights were violated when the Board required him to complete an IPTC program prior to parole release because he was not eligible for such a requirement under state law, he was not chemically dependent, and he was not provided an opportunity to refuse the treatment program.  He further claimed the IPTC requirement violated his Eighth Amendment protection against cruel and unusual punishment.

On July 22, 2021, while Petitioner's state application was pending, the Board again voted him for FI-5 status.  According to Respondent, records do not indicate that Petitioner refused treatment following his most recent FI-5 vote.

On August 18, 2021, the Texas Court of Criminal Appeals denied Petitioner's state application without written order. *Ex parte Guerrero*, Appl. No. 76,230-15. Petitioner subsequently filed his federal petition for writ of habeas corpus.

**B.    Petitioner's Grounds for Relief**

Petitioner raises two grounds for relief:

1.    His due process rights were violated because he has a right to (a) notice and a hearing, (b) deny any treatment, (c) not be labeled a drug addict; (d) be free of mental intrusions, and (e) reasonable conditions;

2.    His Eighth Amendment rights were violated because (a) requiring treatment is outside the range of punishment, (b) the program requires him to work, (c) the

program subjects him to mental abuse and intrusion, and (d) he has a right to deny the program.

### C.      Rule 5 Statement

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings. Respondent also admits Petitioner's federal application was timely filed and is not successive.

### DISCUSSION AND ANALYSIS

### A.      Standard of Review

Petitioner's claims regarding his 2020 parole vote are analyzed pursuant to the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").  The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the AEDPA.  *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When the state court does not explain its decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the

relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

### B.   Parole Vote

Petitioner presented his claims regarding his 2020 parole vote in his state application for habeas corpus relief. The Texas Court of Criminal Appeals denied Petitioner's application. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

The Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Id.* at 308 (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Thus, parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with <u>complete discretion</u> to grant, or to deny parole release. . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Plaintiff has

no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

### C.   Conditions of Confinement

Petitioner claims several conditions imposed by the IPTC program violate his due process rights. However, a federal habeas action is only available to challenge the fact or duration of confinement, not the conditions of confinement. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Accordingly, Petitioner's challenge to the conditions of his confinement are not cognizable in this habeas action.

The Court should not sever Petitioner's claims and open a civil-rights action. Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). While incarcerated, Petitioner filed at least three civil actions or appeals that were dismissed as frivolous, malicious or for failure to state a claim. Therefore, Petitioner may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Petitioner's complaint does not meet that standard.

## RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **DENY IN PART AND DISMISS IN PART** Petitioner's petition for writ of habeas corpus. To the extent Petitioner challenges his parole vote in 2020 Petitioner's petition should be denied. To the extent Petitioner challenges his

conditions of confinement the petition should be dismissed without prejudice to refiling a civil-rights complaint and submitting the full filing fee of $402.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the rules governing 2254 cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

**<u>OBJECTIONS</u>**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985);  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

**SIGNED** on February 3, 2022.

_____

MARK  LANE
UNITED STATES MAGISTRATE JUDGE